No. 12,241.

WEBER, ET AL. *v.* NONPAREIL BAKING CO.

Decided January 28, 1929.

Mr. H. P. Vories, Mr. V. N. Stinson, Mr. W. D. Wright, Jr., for plaintiffs in error.

Mr. L. E. Langdon, Mr. V. G. Seavy, for defendant in error.

*Department Two.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and are hereinafter so referred to.

Plaintiff secured an injunction against defendants prohibiting them from violating a contract by which John Weber had agreed not to engage in the retail bakery business. To review that judgment this writ is prosecuted. The cause is now before us on application for supersedeas, and both parties request that our judgment thereon be final.

John Weber was engaged in the retail bakery business in Pueblo. He sold to plaintiff's assignor under contract not to re-enter said business in that county. Thereafter his wife and his son and daughter organized the Weber Bakery Corporation. It and they were joined with John Weber as defendants herein. Before the new company could get under way this action was instituted. The complaint charges, and the court found, that said company was in fact John Weber, who was resorting to this scheme of a family owned corporation to enable him to evade his contract, and permanently enjoined all of them.

Defendants say: (1) Their demurrers to the complaint, for want of facts, should have been sustained; (2) their motion to dismiss for failure of plaintiff's assignor, a corporation, to file its annual report in 1927 and 1928, should have been sustained; (3) the judgment is not sup-

ported by the evidence; (4) the injunction issued is too sweeping in its provisions.

1. The contention of an insufficient plea of facts rests upon the assumption that the complaint is limited to the expression of a fear that John Weber will, if not restrained, breach his contract. There is no such limitation. The complaint specifically charges the perfecting of all the details of the plan, and the manufacture of all the requisite machinery, for such a breach.

2. Defendants admit their position concerning the failure of the corporation to file its report is contrary to *Smith et al. v. Highland Mary M. M. & P. Co.*, 82 Colo. 288–292, 259 Pac. 1025, but say that the authority is bad law. We see no reason to modify or overrule it.

3. Defendants contend that the evidence of probable breach of the contract likewise went no further than suspicion. Aside from the palpable fiction of this family corporation organized to take over the business of the head of the family and operate it in his presence and under his management, there is evidence that its only actual capital was $200, half of which was put up by Weber, Jr., and the other half borrowed; that all of its equipment was procured from John Weber for $100 cash, plus certain mortgages assumed, plus an agreement to pay John Weber the balance of $3,400.19 in monthly installments of $50 each; that John Weber was to work for the corporation "and all have equal rights"; that Weber said he had entered into a contract with the Piggly-Wiggly Grimes Company (which is the contract here alleged to be the contract of the Weber Corporation); that he was moving his business up on Main street (the location of the business of the Weber Corporation); and that nobody could stop him from going into the bakery business. We think this evidence is ample to support the judgment, if the plaintiff was held to the strict rule of proof by preponderance ordinarily applicable. But it should be borne in mind that the very facts and circumstances here disclosed make necessary the rule of evi-

dence applied in cases of transfer of property between near relatives where the transfer results in the defeat of creditors, and can only be upheld on a showing of good faith and adequate consideration. This transaction was so questionable on its face that plaintiff was required to do nothing more than lay before the court its bald outlines, whereupon the burden devolved upon defendants to clearly establish its bona fides. That burden they have not sustained.

4. John Weber had secured written consent, under his contract of sale, to engage only in the retail bakery business at the Public Market in Pueblo. The judgment herein does not interfere therewith, nor does it interfere with the right of the Weber Bakery Corporation to conduct any kind of bakery business at any place. The court does find that the facts disclosed by the evidence establish the intent of John Weber to breach his contract, but that it "does not satisfactorily appear from the evidence" that the other defendants knew of that intent; the court does enjoin Weber from doing those things which he had contracted not to do; "perpetually" enjoins him from furnishing money or property to the Weber Corporation, or aiding or advising it in the conduct of its affairs, or frequenting its place of business, or soliciting trade for it, or holding himself out to the public as interested in its operation; and enjoins each of the defendants from participating in any of said acts. Judgment was entered against all defendants for costs.

The defendants, other than John Weber, object to the word "perpetually"; object to the judgment against them for costs; and object to the order forbidding them permitting Weber to frequent their place of business. Weber objects to the order forbidding him frequenting said place of business, or entering the employ of the Weber Corporation, or advising its officers and directors as to its management. No one of these objections is valid.

If Weber can organize a corporation entirely within his family, furnish it all its equipment and capital, enter its employ, solicit business for it, advise as to its management, hold himself out to the public as a party in interest, and participate in its profits, he makes a farce of his contract and retains and enjoys the very "good will" he has sold.

His contract was unlimited as to time. Such a contract is lawful. 6 R. C. L. p. 799, § 201; 13 C. J. p. 469, § 416. "Perpetually" simply expresses that lack of limitation.

It is admitted that the judgment against the defendants other than John Weber is supported by *A. Booth & Co. v. Davis et al.*, 127 Fed. 875 and affirmed 131 Fed. 31; but it is insisted that the authority stands alone and is unsound. It seems settled, however, that such contracts may impose a duty on third persons not to interfere with their performance. 13 C. J. p. 714, § 825. Such a duty was imposed here and its violation was properly enjoined.

The validity of such contracts as the one here before us has heretofore been considered by this court in *Freudenthal v. Espey,* 45 Colo. 488, 102 Pac. 280; and in *Barrows v. McMurtry Co.,* 54 Colo. 432, 131 Pac. 430. The former gives a reasonably accurate sketch of the development of the law relating to them, and the latter contains, on page 449, some pertinent comment in condemnation of the policy which would countenance shifty and flimsy excuses for their violation. That comment, as applicable to the facts here disclosed, we cite with renewed approval. See, also, *Garf v. Weitzman,* 72 Colo. 136, 209 Pac. 809.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.