## No. 13,636.

McCreery v. Miller's Groceteria Company et al.

(64 P. [2d] 803)

Decided December 24, 1936. Rehearing denied January 12, 1937.

500

Mr. John E. Fitzpatrick, Mr. L. E. F. Talkington, Mr. Charles H. Haines, for plaintiff in error.

Mr. Karl C. Brauns, Messrs. Quiat & Cummings, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Dorothy McCreery sought an injunction and damages against Miller's Groceteria Company, The E. B. Millar Coffee Company and Orva F. Ware. The defendants filed general demurrers to the complaint. The court sustained the demurrers and dismissed the suit. To reverse the judgment, the plaintiff sued out a writ of error.

The allegations of the complaint are substantially as follows: Plaintiff employed Ware, a photographer, to take, prepare and finish four photographs of plaintiff. He did the work and plaintiff paid the price. Later she procured two additional photographs. Thereafter plaintiff discovered that Ware had exposed a copy of her photograph to public view in his showcase. She purchased that copy, advising Ware that she was purchasing it for the reason that she did not desire that her photograph should be exposed to the public, and at the same time she refused Ware's request for permission to use her photograph for display or advertising purposes. Subsequent thereto Ware entered into a contract with his codefendants, the Groceteria Company and the Coffee Company, "to expose plaintiff's photograph in public places to the humiliation, embarrassment, distress and damage of this plaintiff and without the consent and against the wishes of this plaintiff." The Groceteria Company operates five stores in Denver and one in Englewood. Both the Groceteria Company and the Coffee Company displayed plaintiff's photograph in said stores, with the consent, connivance and cooperation of Ware, but against plaintiff's

wishes and without her consent, to plaintiff's humiliation, embarrassment, distress and damage. The photograph was displayed for advertising purposes in conjunction with a sign reading substantially as follows: "$4.50 credit certificate for $5.00 beautiful photograph, like sample shown, of yourself or member of your family with the purchase of two pounds of Millar's Universal Coffee."

"The said defendants, and each and every one of them, did conspire, connive and arrange to injure plaintiff's feelings and embarrass plaintiff and did by the display of said photograph injure plaintiff's feelings and embarrass and distress said plaintiff and did hold plaintiff up to the ridicule and scorn of her friends and acquaintances, all of which has caused plaintiff great humiliation, distress, mental anguish and damage and has caused plaintiff to be highly nervous and distressed, thereby seriously and irreparably injuring plaintiff's health and well-being and has prevented plaintiff from attending to her regular duties and carrying on her usual work, all to the damage of this plaintiff in the amount of One Hundred Thousand Dollars ($100,000.00)."

Plaintiff alleges that unless defendants are restrained by the court, they will continue to display her photograph at said stores to her irreparable injury. She asks damages and an injunction.

The demurrers are general on the assigned ground that the complaint does not state facts sufficient to constitute a cause of action. A demurrer on that ground presents only one question; namely, "Does the law, assuming the facts to be true as stated, give the plaintiff any right to demand anything of the defendant; or, conversely, do the facts cast on the defendant any legal duty toward the plaintiff?" Denison, Code Pleading, §198. "Such demurrer cannot be sustained to a complaint which shows a right to any kind of relief." Id. In *Stratton v. Beaver Farmers' Canal & Ditch Co.,* 82 Colo. 118, 257 Pac. 1077, we said: "If, then, the facts stated were sufficient to justify any sort of relief for plaintiff,

the demurrer could not rightfully be sustained on this latter ground [i. e., insufficient facts]." To the same effect, see: *Bayless v. Kansas Pacific Ry. Co.*, 13 Colo. 181, 196, 22 Pac. 341; *Herfort v. Cramer*, 7 Colo. 483, 4 Pac. 896; Bliss on Code Pleading, §425. In 21 R. C. L., p. 519, it is said that "a complaint, to be bad on [general] demurrer, must be wholly insufficient; if to any extent, on any reasonable theory, it presents facts sufficient to justify a recovery, it will be sustained." See the many cases there cited.

In order to determine whether or not the action of the trial court in sustaining the demurrers was right, we must analyze the complaint to see whether its allegations state a cause of action—not a cause of action in tort alone, but *any* cause of action. If the allegations are true, do they justify a recovery on any theory? If they do, it was error to sustain the demurrers.

██ ██ When plaintiff employed defendant Ware as photographer to take her photograph an implied contract arose that Ware would not make a commercial use of plaintiff's picture or photograph. 21 R. C. L. 1199, §4, thus states the rule: "Another form of wrong involving in effect an invasion of a person's right to privacy is seen in cases where a person employed to make a portrait makes additional copies thereof for exhibition or distribution among others than his patron. Recovery is generally permitted in such a case, but it is usually made to rest on the contractual relation existing between the parties, the courts holding that there is an implied contract to make no additional copies for such use, although some cases assert the additional grounds of violation of confidence, right of privacy, and right of property." See, also, *Fitzsimmons v. Olinger Mortuary Ass'n*, 91 Colo. 544, 17 P. (2d) 535.

When plaintiff later purchased the showcase copy and refused Ware's request for permission to use her photograph for display or advertising, stating that she was purchasing that copy for the reason that she did not

desire that her photograph should be exposed to the public, the transaction amounted to a purchase by her upon the condition stated; in other words, it amounted to an express contract that her photograph should not be used for display or advertising purposes. The situation resembles that presented in *Fitzsimmons v. Olinger Mortuary Ass'n, supra,* where plaintiff told defendant that she did not desire "any undue publicity or notoriety."

The contract in suit was breached in the manner stated above. It was not a mere passive breach, but was intentional, and without any legal justification or excuse, and therefore was malicious. 15 R. C. L., pp. 54, 56; 26 Id., p. 775; 13 C. J., p. 714. It was willful and wanton, and therefore within the rule allowing substantial damages for mental suffering alone. *Fitzsimmons v. Olinger Mortuary Ass'n, supra; Hall v. Jackson,* 24 Colo. App. 225, 134 Pac. 151. But even if the breach were not malicious or wanton or willful, the allegations of the complaint would entitle plaintiff to nominal damages *(Hall v. Jackson, supra);* hence the complaint is not demurrable for insufficient facts. Furthermore, the complaint states a cause of action for an injunction against Ware.

The complaint also states a cause of action for an injunction against the Groceteria Company and the Coffee Company, hence their demurrer should have been overruled. According to the complaint, they conspired with Ware to injure plaintiff's feelings and embarrass and distress her by exhibiting plaintiff's photograph for commercial purposes in their places of business without her consent, thereby inducing a breach of at least the implied contract between plaintiff and Ware. See *Weber v. Nonpareil Baking Co.,* 85 Colo. 232, 236, 274 Pac. 932. They did so intentionally and without any legal justification or excuse, and therefore maliciously. 15 R. C. L., pp. 54, 56; 26 Id., p. 775; 13 C J., p. 714. They will continue to do so unless restrained by decree of court.

It is suggested that the cause of action against the Groceteria Company and the Coffee Company is not in

contract, but in tort. But that does not require a different disposition of the case presented by the record. The demurrers filed by those companies were not for misjoinder either of parties or of causes of action, but were based on the alleged ground that the complaint does not state facts sufficient to constitute any cause of action against those companies.

As we have seen, the complaint states a good cause of action against defendants. It therefore is unnecessary, though it may be interesting, to discuss the much debated question whether a person has a legal right of privacy, as such, and, if so, when and to what extent he has a right to relief for the violation of that right. The former opinion is withdrawn.

The judgment is reversed.

MR. JUSTICE BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND dissent.

MR. JUSTICE BOUCK dissenting.

Originally, in an opinion by Mr. Chief Justice Campbell, this court reversed the judgment of the district court in favor of the defendant photographer and the two mercantile defendants on the authority of a legal essay, "The Right to Privacy," in 4 Harvard Law Review, 193. The case, thus presumably classified as an action in tort, was evidently reversed on the theory that the alleged right to privacy of Mrs. McCreery, plaintiff below and plaintiff in error here, was being violated and that for this reason she was entitled to damages and an injunction. A rehearing was granted. The court has now handed down an opinion, by Mr. Justice Butler, ignoring the theory of a right to privacy and basing a reversal upon the theory that the action is one on either an express or an implied contract or, rather, on both.

But it was on the theory of a right to privacy that the case was tried in the district court. In sustaining the general demurrers severally interposed to the complaint

by the defendants, the trial court rendered an opinion which is in part as follows:

"The court has heard with much interest the lengthy arguments of counsel upon the demurrers. It appears from the clearly stated concessions of counsel for the plaintiff that the case is not brought as against all of the defendants upon contract, and in fact it is broadly conceded that as to any of the defendants the case does not rest upon contract. If that be so, then the court is convinced after hearing the arguments of counsel for the defendants and each of them that the so-called right of privacy has no standing in this state as one that is actionable, not having been recognized by the common law of England, which is a part of the law of this state."

Counsel offered no objection and took no exception to the statement thus made by the trial judge that the plaintiff's theory in the trial court contemplated a recovery in tort on the basis of an alleged right of privacy at common law, and not on the ground of an alleged contract. There was perfect acquiescence. This election to proceed in tort and not on contract became binding upon the parties.

When reviewing private litigation, this court, in accordance with settled principles, is bound by the theory on which the trial was had below. This is obviously in simple justice not only to the successful litigant and his attorney, but especially to the trial court, which, like them, has a right to act on the assumption that the basis of attack and the basis of defense would remain unchanged. Here there was an election to proceed in tort and not on contract, for the nature of a case is not changed merely because under the code of civil procedure we need not give it a specific name. If the law were otherwise, an appellate court could to all intents and purposes be acting upon controversies really nonexistent between the parties and would possibly appear to be an advocate whose ideas of the law might, unconsciously, perhaps, be made to supersede the ideas underlying the advice and the court procedure employed and adopted by

the attorneys on behalf of their respective clients. The principle applies whether the case is disposed of on general demurrer or otherwise.

However, even if the plaintiff in error had not elected to regard her alleged cause of action as one in tort, I think the present judgment of this court is wrong. The complaint falls clearly short—I think—of stating a cause of action in contract.

True, the complaint incidentally mentions a contract alleging that the photographer agreed "to take, prepare and finish four photographs of" Mrs. McCreery "on consideration for which [she] agreed to pay [him] $8.00," which she paid. This contract is not alleged to be broken. The complaint also alleges that she subsequently "ordered from [him] two additional photographs" like the others and paid $4.00 for them. This contract was likewise performed on both sides. It is further alleged that she subsequently "was passing along the sidewalk in front of" his place of business; that he "had exposed to the public view in case kept by him for that purpose a copy of [her] photograph"; that she at that time "called on [him] and purchased from him her said photograph * * * paying him the sum of $2.00 therefor," which was the consideration agreed upon as the selling price of any of the photographs. That too constituted an executed contract under the common counts. Coupled with the $2.00 purchase is the allegation: "and that [she] at that time did advise [him] that she was purchasing said photograph for the reason that she did not desire that her photograph should be exposed to the public and that [she] did at that time refuse [his] request * * * to use her photograph for display, advertising or for any other purpose."

I submit that the language last quoted, as to why she bought the showcase photograph and as to her refusal of a request made by the photographer, cannot reasonably be taken to allege an express contract within any recognized definition. Nor, under fundamental principles,

could the alleged subsequent contract between the photographer and the two grocery companies avail to render this action as between the latter two defendants and Mrs. McCreery an action on contract. To show that the present action is not on contract, so far at least as the grocer defendants are concerned, nothing could be more conclusive than that portion of the complaint quoted in the majority opinion which alleges a conspiracy among the grocery firms and the photographer. A conspiracy—even a conspiracy to interfere with somebody else's contract—cannot be made the basis or gist of an action on contract; it may in some circumstances be the basis or gist of an action in *tort*. I fail to see how the grocery companies can be held as defendants in this case if it is a case on an alleged contract to which they admittedly were not parties. Counsel for Mrs. McCreery do not claim that a conspiracy sounds in contract.

The complaint, I think, does not set out an express contract for the reason assigned by the majority opinion; namely, that it amounts to a purchase by Mrs. McCreery upon a *condition* stated, or that the complaint charges an express contract that her photograph would not be used for display or advertising purposes.

As for the contention that an implied contract is pleaded, I respectfully refer to the language in the complaint itself. I do not so interpret it. When recovery is allowed on the strength of an implied contract, this issue is expected to be submitted in the pleadings. Here it has not been so submitted. And an implied contract has been employed in some instances, of course, for the purpose of fortifying an alleged "right to privacy." By the majority opinion, as already shown, the latter issue has not, however, been considered.

The momentous fact is this: In spite of the above demonstrated lack of any allegations sufficient to state a contract either express or implied, the majority decision herein nevertheless upholds the first cause of action as a cause of action on contract against all three defendants.

This is done in spite of the theory on which counsel tried the case below, and in spite of the following declaration in the plaintiff in error's brief: "Recovery is allowed in the last mentioned case [*Fitzsimmons v. Olinger Association,* 91 Colo. 544, 17 P. (2d) 535, also cited in the majority opinion] on the theory of contract and the facts bring it well within that well established rule. In the present case the photographer Ware is also clearly liable on the same theory *but plaintiff had no contract with the Coffee Company and the Groceteria Company.* There is a line of cases which we have not cited that holds that a person is liable in tort to one who suffers damages by reason of a breach of a contract where the defendant has wrongfully and maliciously induced the other party to the contract to breach it. *We frankly question the applicability of that rule to this case.* There is no doubt but that the Coffee Company and the Groceteria Company were charged with notice that the photographs furnished to them by Ware were pictures of a real person whose consent to a public display of them must first be obtained and that Ware stood in a position of trust and confidence toward that person with reference to the photographs. It was their duty at their peril to ascertain if that consent had been given. *The display of the picture is a tort on the part of all persons participating and all defendants have joined in the breach of that confidence which aggravates the wrong and enhances the damages. They are equally liable * * *."*

The Fitzsimmons case referred to in the foregoing quotation falls within a category easily classified in the law and well established in all jurisdictions. It cannot be claimed as authority under the facts here.

The case most nearly similar to the one at bar is *Roberson v. Rochester Folding Box Co.,* 171 N. Y. 538, 64 N. E. 442. There it was decided that such a right as there claimed—and as claimed here—cannot be lawfully created by judicial legislation, but must be established by the regular lawmaking body. As a result a statute was

passed by the New York Legislature, still in force, conferring certain rights but also containing reasonable qualifications. In the Roberson case there was a vigorous dissenting opinion. That, however, merely urged that the complaint be deemed sufficient to call for issuance of an injunction. That the minority considered the case an action in *tort* and not on contract is indicated by its drawing an analogy between the case then before the court and the case of infringement upon an author's rights and by these concluding words: "The only complete relief is an injunction restraining their continuance. Whether, *as incidental to that equitable relief,* she should be able to recover only nominal damages is not material; for the issuance of the injunction does not, in such a case, depend upon the amount of the damages in dollars and cents." *Roberson v. Rochester Folding Box Co., supra* (at page 566).

Damages, whether nominal or substantial, assessed in accordance with the equity principles invoked by that dissenting opinion, "as incidental to that equitable relief," would of course be awarded by the court without a jury; not, as the majority opinion seems here to provide, in an action characterized as an action on contract, with its implied right to assessment of damages by a jury.

Since the present opinion was written, a paragraph has been added to the majority opinion, indicating that the court decides this case only on the general sufficiency of the complaint—not because it states a contract against any particular defendant, as it is held to do against the defendant photographer—irrespective of whether an alleged cause of action against the grocer defendants is the same as the one alleged against the photographer. I infer from this that the case would go back to the district court with full power on the part of the latter to grant all the defendants leave to raise any questions of misjoinder of defendants or of causes of action, as well as other questions, as they may see fit. On such broad ground as is thus taken by the court, I admit that, under our Code,

510

other defendants than the main defendant could be joined in connection with the possible question of injunctive relief raised by the second cause of action. I submit, however, that the first cause of action, which the court holds to be on contract, should not be sustained as against the grocer defendants, since they admittedly were not parties to any contract whatever with Mrs. McCreery. This proposition is impliedly conceded in the supplemental (and final) brief for Mrs. McCreery, which says: "However, if the doctrine of right of privacy be rejected by the court * * * *we still submit that we are entitled to injunctive relief against all three respondents* on the contract theory because of the inequitable part played by the Coffee Company and the Groceteria Company in persisting in taking advantage of the photographer's wrong to plaintiff's detriment with full knowledge thereof."

I respectfully dissent.

MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG concur in this opinion.