## No. 15,048.

WHITTENBERG *v.* WILLIAMS, DOING BUSINESS AS
ADA WILLIAMS PEST CONTROL.
(135 P. [2d] 228)

Decided March 8, 1943.

Mr. CARL W. BERUEFFY, Messrs. RINN & CONNELL, for plaintiff in error.

Messrs. LANGDON & BARBRICK, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter designated as there.

Plaintiff, alleging that defendant had violated his contract not to compete with her in business, brought this action to restrain further violation, and for an accounting. The answer contained a demurrer for want of facts, specific admissions and a general denial, and alleged unreasonablenes of the contract and unfair treatment of plaintiff. Before trial a stipulation was filed limiting the issue to injunction or no injunction. Trial was to the court which found generally for plaintiff and entered judgment accordingly, enjoining his further activity in that portion of Colorado south of the northern boundary of the City and County of Denver and east of the Rocky Mountains. To review that judgment defendant prosecutes this writ and, by his specification, stands upon two alleged errors; first, that the general demurrer should have been sustained; second, that the territorial limitation of the contract is so extensive as to make it unreasonable and void. The first of these necessarily depends upon the second and to it we limit ourselves.

The contract in question was dated August 1, 1940, and ran for the period of one year, or until terminated as therein stipulated. August 18, 1941, defendant so terminated it. Plaintiff's business was "the eradication of ants, pests and other vermin from hotels, dwellings, and other structures." Defendant was employed "as Colorado manager and soliciting agent * * * specifically for the purpose of promoting and developing the business." His compensation was fixed at "sixty per cent commission minus cost of gas and tape." He agreed that he would undertake nothing of the same nature on his own account while so employed, nor for five years after the termination of that employment engage "in a similar business, either personally or for others, in competition with" plaintiff. During the little more than a year of his activity the income of the business was more than doubled. Promptly after his termination of the contract he launched a like enterprise of his own with public advertisements beginning thus: "Pest

Control, Ants, Bedbugs, Cockroaches. F. A. Whittenberg, formerly with Ada Williams, now in business for myself," and entered the territory of, and in direct competition with, plaintiff.

█ █ It thus appears that defendant entered into an apparently valid contract, then intentionally, openly, and publicly violated it, and at the same time sought to make profit out of that violation. Equity and good conscience can speak no word in his behalf. His only defense must be, and is, a technical, legal one. He says the territorial limitation is world wide, hence unreasonable; that if not it at least extends to all territory in which plaintiff did business and since the record shows she did business in other states the limitation is still unreasonable. He says such restrictions to be valid must be reasonable, not impose undue hardship, be no wider than necessary to afford the required protection, and that each case must stand upon its own facts. Such is unquestionably the law and we need not examine the authorities cited to support it.

The trouble with defendant's position is that the undisputed facts of this case do not fit his theory. He was employed as "Colorado manager." His activity in this state could scarcely redound to plaintiff's injury if he set up business elsewhere. He would be unknown there and plaintiff's operations and patrons there would be unknown to him. Moreover, the record clearly discloses that the only territory in which he competed, or where such competition could reasonably injure plaintiff, was that territory forbidden him by the judgment.

The principal precedent relied upon for reversal is *Samuel Stores v. Abrams*, 94 Conn. 248, 108 Atl. 541, 9 A.L.R. 1450. The contract there under consideration contained limitations as to time and "competition" similar to those now before us, but beyond that the facts were fundamentally divergent. There the position was clothing store manager, not, as the court held, "of a character to involve the acquisition of special business secrets"

but one which "could have been filled by any person of sufficient business capacity." Moreover, the employer there operated a number of stores in widely separated localities and the employee was manager of but one. Thus, as the court pointed out, the limitation was unnecessary for the protection of the employer, hence unreasonable. Carefully examined we think that case is authority for affirmance here. Illustrating the applicability of the test of reasonableness to given facts the author of the opinion says—"A restrictive agreement providing that the defendant while connected with a competing business should not solicit trade from persons who were customers of the plaintiff at the branch store where the defendant was employed during his employment, might fairly be claimed to be such a restriction as is reasonably necessary for the fair protection of the plaintiff's business." The facts and covenant thus presumed are so similar to those in the instant case that the author might almost have had this in mind.

If we are correct in the foregoing, further examination of defendant's arguments and analysis of his authorities would seem superfluous. *Jewel Tea Co. v. Watkins,* 26 Colo. App. 494, 145 Pac. 719; *Axelson v. Columbine Laundry Co.,* 81 Colo. 254, 254 Pac. 990.

Even granting that the territorial restriction here was too broad and that the trial court reduced and enforced it only to the extent necessary to afford the employer the contemplated protection, that tribunal would appear to have acted within its discretion. *American Weekly Inc. v. Patterson,* 179 Md. 109, 16 Atl. (2d) 812.

Perhaps our conclusion here cannot be better illustrated than by the following quotation from the opinion of Mr. Justice Bailey in a case involving the sale of a business and the contract of the vendor not to enter into competition with his vendee; the general rules governing such transactions being applicable to those between employer and employee. "Where one is so lost to a sense of moral obligation as to accept a full consideration for

his stock in trade and good-will, upon express condition that he refrain from again entering that business for a limited time, within a certain territory, and then immediately, having pocketed the fruits of the agreement, deliberately and willfully ignores the controlling condition thereof, courts should certainly not hunt for legal excuse to uphold him in such moral delinquency." *Barrows v. McMurtry Co.*, 54 Colo. 432, 449, 131 Pac. 430.

The judgment is affirmed.