## No. 16,467.

DITUS ET AL. *v.* BEAHM.
(232 P. [2d] 184)

Decided May 21, 1951.

Mr. F. W. HARDING, ONALEE BROWN, for plaintiffs in error.

Mr. THORNTON H. THOMAS, JR., for defendant in error.

*In Department.*

Mr. Justice Hays delivered the opinion of the court.

Prior to November 20, 1947, the parties to this action were partners in a business known as Burlington Livestock Sales Company, operating at Burlington, Colorado. On that date plaintiffs in error, who were plaintiffs below, entered into a written contract for the purchase of defendant's interest in said business for a valuable consideration. The contract contained a provision that defendant would not "enter into any livestock pavilion business, either directly or indirectly, within a radius of fifty miles of Burlington, Colorado, within a period of fifty years from date."

Defendant allegedly, in violation of the above covenant, has entered into the livestock pavilion business at Stratton, Colorado, which is within a radius of fifty miles of Burlington. Thereupon plaintiffs brought this action for an injunction and damages for breach of the contract, and shortly thereafter petitioned the court for a temporary injunction during the pendency of the action, alleging in the petition that unless restrained, defendant would continue to violate the terms of the contract to plaintiffs' injury. The trial court denied the temporary injunction stating inter alia: "There has been no showing of any real or actual injury."

Defendant in the present case received a large sum of money in consideration of which, he agreed not to conduct a livestock sales pavilion business within a prescribed territory. He willfully violated said contract, threatens to continue to do so in the future, and now contends that because plaintiffs did not, on their application for temporary injunction, prove the extent of their damages, they are not entitled to said injunction.

The rule is well settled that: "Where an established business has been sold with its good will and there is a valid covenant not to compete, a breach is regarded as the controlling factor and injunctive relief follows almost as a matter of course. In such cases, the damage is presumed to be irreparable and the remedy

at law is considered inadequate. It is not necessary that the buyer first prove special pecuniary damages or show an actual loss of customers who might in any event have discontinued their patronage. Injunctive relief may be given, even though only nominal damages are shown, or although no actual damage is shown." 43 C.J.S., pp. 566, 567, §84. See, also, *Zinn v. Ex-Cell-O Corporation,* 24 Cal. (2d) 290, 149 P. (2d) 177, wherein the court said: "One whose wrongful conduct has rendered difficult the ascertainment of the damages cannot escape liability because the damages could not be measured with exactness."

■ Defendant in the instant case does not contend that the covenant is unreasonable or that it imposes undue hardships upon him or that the restricted area is larger than necessary to protect plaintiffs, recognized as defenses in this type of action. *Whittenberg v. Williams,* 110 Colo. 418, 135 P. (2d) 228; The following excerpt from the opinion in that case is enlightening: "It thus appears that defendant entered into an apparently valid contract, then intentionally, openly and publicly violated it, and that at the same time sought to make profitable use of that violation. Equity and good conscience can speak no word in his behalf. His only defense must be, and is a technical, legal one."

The reasons advanced by defendant which, as said, justify the violation of his contract not to engage in the mentioned business within the restricted area, constitutes, we are convinced, "shifty and flimsy excuses" within the contemplation of our opinion in *Weber v. Nonpareil Baking Co.,* 85 Colo. 232, 274 Pac. 932.

The ruling of the trial court in denying plaintiffs' application for a temporary injunction, is reversed and the cause remanded with instructions to grant the application and issue the injunction which shall be effective pending the determination of the case on the merits.

MR. CHIEF JUSTICE JACKSON and MR. JUSTICE HOLLAND concur.