ALASKA–CANADIAN CORPORATION,
a Delaware corporation, Appellant,

v.

ANCOW CORPORATION, an Alaska
corporation, Appellee.

No. 815.

Supreme Court of Alaska.

Dec. 5, 1967.

Lewis S. Armstrong, Seattle, Wash., and P. J. Gilmore, Jr., Ketchikan, for appellant.

W. C. Stump, Stump & Bailey, Ketchikan, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

NESBETT, Chief Justice.

In its complaint appellee, as plaintiff below, sued to rescind an agreement for the sale and purchase of certain patented mining claims entered into by predecessors in interest of the parties hereto; to have declared void a recorded deed thereof and for a declaration that all of the interest of the original sellers was in appellee. The

trial court eventually granted appellee's motion for summary judgment on the ground that there was no genuine issue of any material fact which affected the validity of a written settlement agreement entered into by the parties on June 7, 1966.

Appellant contends that error was committed because issues of material questions of fact were raised in the trial court, in that:

(a) It had disputed the authority of appellant's attorneys to enter into the written settlement agreement, and

(b) It had disputed the validity of the settlement agreement on the ground that, instead of having been accepted by appellee, it had been rejected by a counter-offer.

In its brief appellant asserts that an issue of material fact existed concerning the validity of the settlement agreement of June 7, 1966, but neglects to mention what issue of fact was raised and whether it bore on the authority of appellant's attorney or on the question of rejection by counter-offer.

Appellant's omission was commented on by appellee in its brief. In its reply brief appellant explains that although the written settlement agreement was dated June 7, 1966, it was not filed in this action until July 20, 1966. Appellant seems to rely on the fact that subsequent to the execution of the settlement agreement of June 7, 1966, and on approximately June 23, 1966, appellee submitted a proposed modification of the June 7th settlement agreement which was never accepted by appellant. Appellant does not attempt to discuss the legal significance of either of the foregoing matters.

Appellant's briefs have not been enlightening. We have nevertheless taken the trouble to examine the entire record in an effort to determine whether it contains any support for appellant's contention that issues of material fact existed when summary judgment was granted.

In support of appellee's motion for summary judgment the affidavit of W. C. Stump, counsel for appellee, was filed. This document described in detail a meeting had in Seattle on June 6, 1966, at the invitation of counsel for appellant, the meeting being attended by affiant as counsel for appellee; by Paul S. Charles, principal stockholder of appellee corporation; by George Leedy and R. L. Jernberg, counsel for appellant; and Peter A. Schwerdt, Secretary-Treasurer of appellant corporation. The affidavit describes settlement negotiations which occupied the entire day of June 6, 1966, culminating in a stipulated settlement of the suit which was reduced to writing on June 7, 1966, executed by counsel for both parties on that date, and thereafter filed with the court. The affidavit is lengthy and among other matters describes in detail certain business arrangements entered into in reliance on the June 7th settlement and refers to letters subsequently written by Peter A. Schwerdt denying that any settlement agreement had ever been reached and claiming that the June 7th agreement was not legal. The affidavit of Paul S. Charles substantiated most of the allegations contained in W. C. Stump's affidavit and specifically alleged that at the Seattle meeting Peter A. Schwerdt held himself out to be the authorized representative of appellant corporation; that "after protracted bargaining between affiant and Peter A. Schwerdt the agreed settlement was reduced to writing by the respective counsel of the parties, executed by the proper persons and filed in this Court"; that a document entitled "Authority to Represent Defendant", executed by the last board of directors of appellant corporation confirmed the authority of appellant's counsel to make a final settlement of the suit. The latter mentioned document of authority was filed with the court. It stated that it was executed by the last duly elected directors of appellant corporation who

* * * do, on behalf of and as directors of said corporation, authorize and employ ALLEN, DeGARMO & LEEDY of Seattle, Washington, and ROBERT L. JERNBERG of Ketchikan, Alaska, as attorneys to represent said corporation in the above-entitled case, giving them full

authority in all respects to conduct said case, make all pleadings and proceedings whatsoever, compromise and settle said case or otherwise conduct said case as they see fit, for the benefit of the Defendant, subject to fees and expenses of said attorneys in the conduct of or with respect thereto and with authority of said attorneys to receive any compromise settlements or proceeds of said case.

It was dated May 17, 1966, and signed by three directors, one of whom was stated to be president and another secretary-treasurer. Concurrently a memorandum was filed by appellee pointing out to the court that no genuine issue of material fact remained.

At this point in the proceedings Civil Rule 56(c) became applicable. In pertinent part it states:

The adverse party not later than two days prior to the hearing may serve opposing affidavits, a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and any other memorandum in opposition to the motion. Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue at to any material fact and that any party is entitled to a judgment as a matter of law.

■ In construing this rule in Gilbertson v. City of Fairbanks[1] this court held that where a clear showing in support of a motion for summary judgment had been made, it was incumbent that the party opposing the motion clearly state its position or defense and show the court how it planned to support its position or defense with facts which would be admissible in evidence at the trial.

In opposition to the motion the affidavit of Peter A. Schwerdt was filed. This document admitted that affiant was Secretary-Treasurer of appellant corporation, that affiant attended the settlement negotiations in Seattle on June 7, 1966, and then stated:

At this time, a tentative settlement was reached. All parties were aware, however, that settlement was contingent on the consent of the defendant corporation through its officers and directors. To my knowledge, no such consent was ever granted. Counsel for the defendant corporation were aware that they lacked authority to enter into a binding settlement stipulation in June of 1966, without first acquiring corporate consent.

The above affidavit failed to deny or to fairly meet many material allegations of fact contained in the affidavits of W. C. Stump, Paul S. Charles and the documents filed with the court, in that:

(1) It omitted to inform the court why the written agreement of June 7th was only a "tentative settlement" and what admissible evidence would be produced at trial to support this allegation when, by its terms, the agreement purported to be a final compromise and settlement of the suit.

(2) It wholly failed to advise the court what admissible evidence would be produced at trial to show that all parties to the settlement realized that the settlement was only contingent and must be approved by the officers and directors of the corporation when, by its terms, the written authority under which counsel participated gave them unrestricted authority to "compromise and settle said case or otherwise conduct said case as they see fit".

The affidavit did not deny that throughout the negotiations affiant had held himself out to be the authorized representative of appellant corporation and that he had personally negotiated with the affiant Paul S. Charles until a satisfactory compromise had been reached, as alleged by Paul S. Charles, nor did it allege that affiant had

1. 368 P.2d 214, 216–217 (Alaska 1962). See also Isler v. Jensen, 382 P.2d 901 (Alaska 1963); 6 J. Moore, Federal Practice § 56.15(3), at 2345–2347 (2d ed. 1966).

.advised those present of the limitation on the authority of corporate counsel which it now contends existed.

There was filed with the court a document entitled "Revocation of Authority to Represent Defendant and Appointment of Attorney" dated August 29, 1966. This document revoked the:

> [A]uthority of Allen, DeGarmo & Leedy of Seattle, Washington and Robert L. Jernberg of Ketchikan, Alaska, to represent defendant as attorneys in this cause of action for any purpose whatsoever.

Nothing in appellant's showing in opposition attempted to relate this document to its contention that its counsel acted without authority on June 7, 1966. Unexplained, it can be considered as supporting appellee's claim that appellant's counsel did have unrestricted authority to compromise and settle the case on June 7, 1966.

In a separate later affidavit Peter A. Schwerdt alleged that the "Authority to Represent Defendant", filed in court on August 8, 1966,[2] had been transmitted to Mr. George Leedy of Allen, DeGarmo and Leedy on May 18, 1966 by the corporation attorney with the express reservation:

> That the director should have the power to approve or disapprove of any proposal of compromise instead of the attorneys having full power in that respect.

In its judgment the trial court referred to this affidavit and the above quoted allegation, declared the affidavit to be false, and in substantiation of its statement quoted the "Authority to Represent Defendant" verbatim. Obviously the trial court construed the affidavit as alleging that the "Authority to Represent Defendant" contained within itself the restriction on its attorney's authority, which it did not.

However, affiant Schwerdt's affidavit can also be construed as meaning to state that the "Authority to Represent Defendant" was transmitted to Mr. Leedy with the express reservation of authority separately stated. If the latter interpretation is correct the affidavit still fails in its purpose because it does not advise the court clearly to this effect, fails to identify or submit a copy of the separate communication and fails to advise the court how, or whether, the restriction on its attorney's authority was communicated to appellee and counsel for appellee.[3]

In summary, appellant failed to comply with that portion of Civil Rule 56(c) previously quoted and with that portion of Civil Rule 56(e) which states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the face of the specific showing of authority and compromise and final settlement made by appellee in its motion for summary judgment, the vague allegations contained in Peter A. Schwerdt's affidavit that, "All parties were aware", "Counsel for the defendant corporation were aware" were insufficient under the rule to create an issue of fact on the question of authority.[4] Without amplification,

---

2. Quoted supra p. 535 of this opinion.

3. See AS 22.20.050 which states in part:
   (a) An attorney has authority to
   (1) bind his client in any of the proceedings in an action or proceeding by his agreement· filed with the clerk or entered upon the journal of the court, and not otherwise * * *.

4. Appellant quotes in its brief a portion of a statement made by R. L. Jernberg during the hearing on the motion to the effect that he had seen a copy of a letter from the board of directors of appellant corporation to Mr. Leedy requiring that any settlement be submitted to the board before becoming final. If such a letter existed it should have been filed in court.

pursuant to Civil Rule 56, such allegations can not create a real issue of fact any more than could the negative pregnant or the broad general denial which were often employed in the days of code pleading for the purpose of creating pleading stalemates. Summary judgment procedure was intended to eliminate by exposure superficial issues created by innuendo instead of direct allegations.

The trial court was correct in finding that no genuine issue of a material fact was created with respect to appellant's counsel's authority.

In argument in its opening brief appellant gave no coverage whatsoever to its claim that the June 7, 1966, settlement was never accepted, but was rejected by a counter-offer. In its. reply brief appellant deals with this point in the following language:

The request for a ten year easement is a substantial and material change from the original Stipulation. The questions of acceptance by the appellee, delivery, authorization of appellant's attorney and other material matters concerned with the validity of the first Stipulation upon which the trial court granted summary judgment were matters requiring factual proof. The mere filing of a written Stipulation some six weeks after its preparation does not resolve questions as to its validity.

The above sentences point to no issue of material fact which was before the trial court. Peter A. Schwerdt's affidavit of November 7, 1966, makes no mention of appellee's failure to accept the June 7, 1966, agreement nor does it deny the statements of W. C. Stump and Paul S. Charles that the agreement was approved by all present on June 7th and signed by W. C. Stump for appellee on that date.

In an affidavit dated November 17, 1966, Peter A. Schwerdt again fails to deny the statements of W. C. Stump and Paul S. Charles, but does allege that prior to the time that the agreement of June 7, 1966, "was accepted, signed and returned . to defendant's counsel of record * * *, the plaintiff made a counter-proposal. * * *" Appellant has failed to come to grips with the essence of appellee's allegations. If the statements of Stump and Charles were not accurate they should have been denied by Peter A. Schwerdt, who was present at the conference. He should then have stated to the court in his affidavit what he alleged the true facts to be concerning W. C. Stump's failure to sign on June 7, 1966; the facts concerning the time and circumstances of the signing of the agreement by counsel for appellant; the fact concerning the date and circumstances of the return of the agreement to appellant by W. C. Stump; and other relevant facts in refutation concerning the signing and lack of acceptance or rejection of the agreement.

If the statements of Stump and Charles on a crucial aspect of the case had been squarely met in a straightforward manner an issue might have been raised. Instead, appellant failed to deny, alleged by innuendo and failed to advise the court by a recitation of facts how it would establish its defense. Appellant places some reliance on the fact that appellee had submitted a later written proposal for the compromise and settlement of the suit which was dated June 18, 1966, and which contained provisions additional to those contained in the June 7, 1966 agreement. This proposed agreement was signed by counsel for both sides but was allegedly rejected by appellant corporation. This document might have been material in a trial of the issues if appellant had created a triable issue on a fact material to the determination of the validity of the agreement of June 7, 1966. Since it did

It is noted that immediately following the above statement to the court Mr. Jernberg also stated:

* * * that Mr. Schwerdt, [at the settlement conference] however, had a telegram from a member of the board of directors, and Mr. Schwerdt held out that he was this corporation and everything Mr. Leedy did in it, he did in good faith. * * *

not do this, the trial court could only assume that it could not do so, in which case the June 7, 1966, agreement was properly accepted for what it purported to be, a final settlement of the dispute. Once the June 7th agreement was established as a final settlement, the June 18th document could be nothing more than a subsequent rejected proposal to modify an existing contract which, though relevant to the general subject matter of the suit, was not material to a determination of the basic issue.

The judgment is affirmed.[5]

5. We have determined that appellant's alleged noncompliance with Supreme Court Rule 9(e) does not warrant dismissal of the appeal herein.