**Bill M. BARBER, Appellant,**

v.

**NORTHERN HEATING OIL, INC.,**
Appellee.

No. 917.

Supreme Court of Alaska.

Nov. 15, 1968.

Robert A. Parrish, Patrick E. Murphy, Fairbanks, for appellant.

Thomas E. Fenton, Jr., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

NESBETT, Chief Justice.

Appellant and appellee were partners in the business of selling fuel oil in Fairbanks, Alaska. Appellant sold his interest in the firm to appellee for $35,000, of which $10,000 was stated to be consideration for the execution by appellant of a covenant not to engage in a similar business in the area. When appellant become employed as a fuel oil delivery man for a competitor some months later, appellee applied for and received a preliminary injunction. Summary judgment was subsequently granted to appellee and the injunction was made permanent.

Appellant's first point on appeal is that the trial court erred in granting the preliminary injunction. Although the point is moot in view of the fact that the preliminary injunction was replaced by a permanent injunction, we shall pass on it in the belief that our comments will clarify our holding on the other points raised.

At the conclusion of the hearing at which the preliminary injunction was granted the court had before it a detailed complaint, a copy of the contract of sale containing the covenant not to compete, appellant's answer, and the oral testimony of appellant, of appellant's new employer, and of appellee.

Appellant contends that since it was undisputed, in fact admitted, that appellee had not established that he had lost any customers because of appellant's new employment, that the imminence of injury required by AS 09.40.230 [1] had not been shown.

The weight of authority is that a showing of an actual loss of customers or of particular pecuniary damages or inadequacy of the remedy at law need not be made where the buyer of a business seeks an injunction to restrain the seller who has executed a covenant not to compete. Irreparable injuries of the above type are presumed to result from a violation of the covenant not to compete.[2]

The rule is grounded in the unfairness of requiring the production of evidence which is so difficult to obtain. The reason for the rule is illustrated in part by appellant's own testimony that already, in approximately a month in his new employment, he had actually discouraged customers of appellee from switching companies. This evidence logically supports the inference that unknown to appellant some customers may have already switched and that others would do so in the future.

In view of the above rule on the presumption of damages there is no basis for appellant's argument that the trial court misconceived the purpose of a hearing on a motion for preliminary injunction and erroneously decided the case on its merits at the hearing.

The next assignment of error is based on the claim that the trial court refused to consider appellant's affidavits that customers of appellee were not being solicited and a letter from appellant's doctor that appellant should be protected from stress, strain and overwork, conditions that might result if he were not permitted to retain his new employment.

1. AS 09.40.230 states:

When it appears that (1) the plaintiff is entitled to the relief demanded, and the relief or any part of it includes restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the plaintiff; or (2) the defendant is doing, or threatens or is about to do, or is procuring or suffering to be done some act in violation of the plaintiff's rights concerning the subject of the action and tending to render the judgment ineffectual; or (3) the defendant threatens or is about to remove or dispose of his property or a part of it with intent to delay or defraud his creditors, an injunction may be allowed to restrain such act, removal, or disposition.

2. Henderson v. Jacobs, 73 Ariz. 195, 239 P.2d 1082, 1084 (1952); Ditus v. Beahm, 123 Colo. 550, 232 P.2d 184, 185 (1951).

No error was committed in this respect. In view of the rule governing the presumption of damages which was properly followed by the trial court, the outcome of the hearing could not have been affected by the affidavits of 3 of some 500 customers of appellee that appellant had not solicited them to switch companies. Nor could the letter, which only stated that appellant should not engage in work which overtaxed him, have been given any controlling effect in the face of a prima facie valid contract not to engage in the sale and delivery of fuel oil.

■ Appellant next contends that the trial court erred in granting summary judgment since issues of material fact existed.

The court did not err. The only matter which the court had before it to consider in opposition to the motion for summary judgment was that presented by appellant in opposition to the preliminary injunction, plus a memorandum stating that there were genuine issues of fact concerning the validity of the covenant not to compete. Appellant failed to comply with the requirements of Civil Rule 56(e) and set forth facts showing that there were genuine issues of material fact to be determined.[3] Under the circumstances the showing made by appellee in support of the preliminary injunction was sufficient to support the permanent injunction and summary judgment granted to appellee.

■ Appellant's last point is that the court abused its discretion when it denied appellant's motion to amend his answer.

The facts are that at the hearing on the motion for preliminary injunction held on June 30, 1967, appellant stated that he would file an additional answer and counterclaim. On September 6, 1967, appellee's motion for summary judgment was noticed for hearing on September 28, 1967. Appellant then filed his motion to amend his answer to include the defenses of duress, lack of consideration, and unclean hands on September 26, 1967, and noticed it for hearing on October 5, 1967. The proposed amended answer filed with the motion stated the proposed defenses in one-sentence conclusions containing no facts. The trial court granted appellee's motion for summary judgment on September 28, 1967, and denied appellant's motion to amend on October 5, 1967.

The trial court did not abuse its discretion.

Appellant failed to act diligently or timely. For the reasons previously stated, his showing in opposition to summary judgment was ineffective and insufficient. The one-sentence conclusions stating new defenses, without facts, provided no basis for denying summary judgment even if they had been considered by the court at the September 28th hearing. The spirit of Civil Rule 15(a) requiring that leave to amend pleadings should be freely granted in the interests of justice was not violated. There is no basis for alleging that a trial on the merits was subverted because appellant never properly advised the court of any material fact which it would produce in support of the merits of any defense. Under the rule governing summary judgment the trial court was justified in assuming that appellant had no meritorious defense.

The judgment below is affirmed.

RABINOWITZ, Justice (dissenting).

Civil Rule 56(c) provides in part that summary judgment shall be rendered forthwith

if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Study of the record has led me to the conclusion the trial court erroneously granted summary judgment because appellee did not demonstrate the absence of a genuine issue

---

3. Alaska-Canadian Corp. v. Ancow Corp., 434 P.2d 534, 537 (Alaska 1967); Gilbertson v. City of Fairbanks, 368 P.2d 214, 216 (Alaska 1962).

as to any material issue of fact. In Wilson v. Pollet [1] we held:

[T]hat the burden of showing the absence of a genuine issue as to any material fact is upon the moving party. This burden is satisfied when the movant's showing makes it quite clear what the truth is. In ruling on a motion for summary judgment all reasonable inferences from the proofs offered are drawn against movant and viewed in the light most favorable to the party opposing the motion. The court's function when ruling on a motion for summary judgment is to decide whether or not a genuine issue as to any material fact exists. The court is not to resolve any existing genuine issues as to material facts in determining a summary judgment motion.

These principles were reaffirmed in this court's recent opinions in Hobbs v. Mobil Oil Corp. [2] and McKean v. Hammond. [3] In the latter case, the Alaska-Canadian Corp. v. ANCOW Corp. [4] and Gilbertson v. City of Fairbanks [5] decisions were distinguished on the ground that the burden rests upon the movant for summary judgment to initially demonstrate the absence of a genuine issue as to any material fact before the *Gilbertson* rule becomes operative. [6]

Here the basis for appellee's summary judgment motion, which requested a permanent injunction, was the testimony which was received at the preliminary injunction hearing. Appellant opposed the summary judgment motion on the ground that the evidence which was presented at the hearing on the preliminary injunction showed the existence of genuine issues relating to the material facts as to whether appellant's execution of the covenant not to compete was obtained through duress; whether as part of the consideration for appellant's entering into the subject covenant appellee agreed to employ appellant; and wheth-er the appellee anticipatorily breached its agreement to employ appellant by firing him in the latter part of May 1967 or whether appellant merely quit.

At the hearing on the preliminary injunction, appellant testified that the first time he was shown the covenant not to compete was on February 13, 1967, the date upon which he signed the document. At that time appellant informed appellee's president, Willard Gutman, he thought the covenant was too binding. Appellant stated that the main reason why he signed the covenant was that Willard Gutman made the statement that he would ask for a court dissolution of the Northern Heating Oil Corporation. Appellant further testified that rather than lose all he had worked for, he then signed the covenant not to compete. Additionally, appellant also said that he signed the covenant because, after voicing fears concerning unemployment, he was told by Mr. Gutman that appellee would continue to employ him.

The testimony presented at the preliminary hearing is also in conflict as to whether appellant quit his employment with appellee or whether he was fired in contravention of an employment agreement which was agreed to as partial consideration for the covenant not to compete.

Review of the record of the preliminary hearing further reveals that the trial judge at one point informed appellant's counsel he did not have time to "hear all of the issues involved here with regard to the permanent injunction." At a subsequent point in the preliminary injunction hearing, the trial judge recognized that appellant's counsel had raised "several interesting matters that may or may not be the real question." The trial judge then stated that appellant's counsel raised "a question of failure of consideration and I believe that there has been insufficient proof to void the covenant at this point."

1. 416 P.2d 381, 383–384 (Alaska 1966) (footnotes omitted).

2. 445 P.2d 933 (Alaska, October 25, 1968).

3. 445 P.2d 679 (Alaska, October 7, 1968).

4. 434 P.2d 534, 537 (Alaska 1967).

5. 368 P.2d 214, 216 (Alaska 1962).

6. McKean v. Hammond, 445 P.2d 679 (Alaska, October 7, 1968).

On the basis of the foregoing, I am of the view that appellee did not meet its initial burden under Civil Rule 56(c) and Wilson v. Pollet [7] which required it to demonstrate the absence of a genuine issue as to any material fact. Further, the record discloses that at the preliminary injunction hearing the trial judge resolved existing genuine issues concerning material facts, yet this same proceeding was used as the sole basis for appellee's motion for summary judgment. I would therefore, reverse the trial court's grant of summary judgment and remand for a trial on the merits.

7. 416 P.2d 381, 383–384 (Alaska 1966).