No. 23464.

ZEFF, FARRINGTON & ASSOCIATES, INC., A COLORADO
CORPORATION *v.* W. D. FARRINGTON.
(449 P.2d 813)

Decided January 27, 1969.      Rehearing denied February 17, 1969.

ALEX STEPHEN KELLER, for plaintiff in error.

HINDRY, ERICKSON & MEYER, JAY L. GUECK, CHARLES F.
BREGA, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

At issue here is the reasonableness of a covenant not to compete in an employment contract involving professional services. We refer to the parties as they appeared in trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff employer sued to enjoin defendant employee from violating a covenant not to compete and for damages. Plaintiff is engaged in the business of soil engineering and employed defendant as a soil engineer. Plaintiff and defendant, who are licensed civil engineers, both being represented by counsel, entered into a written contract of employment, which included the following provision:

"Upon termination of employment Farrington (defendant) shall not, and shall not be permitted to, engage in the practice of soils and foundation engineering for a period of three (3) years from the effective date of such termination of employment within a two hundred (200) mile radius of Denver, Colorado. The parties agree that because of the nature of the business of the Company the above restriction as to area and time is reasonable."

Defendant voluntarily left plaintiff's employ after about seven months, and thereupon, engaged in the business of soil engineering within the prohibited 200-mile radius.

The trial court found that defendant, after terminating his employment with plaintiff, had engaged in the business of soil and foundation engineering in the Denver area and had performed work for two of plaintiff's former clients, but concluded that the covenant was unreasonable. The trial court modified the covenant by reducing the time to six months and the area to the City and County of Denver.

The evidence reflected the clear prospect that the plaintiff would suffer irreparable monetary damages as a result of the defendant's continued violation of the covenant. The evidence of actual monetary damage al-

ready experienced by the plaintiff was inconclusive. However, the thrust of this writ of error is on the trial court's failure to enforce the covenant, and not on the issue of actual damages already incurred by the plaintiff. Therefore, the sole issue to be resolved is this: Is a covenant not to compete for three years within a 200-mile radius reasonable under the circumstances of this case? We answer this question in the affirmative.

██ ██    The rule is well-settled in Colorado that reasonable covenants not to compete will be enforced and that what is reasonable depends upon the facts of each case. *Knoebel Mercantile Company v. Siders,* 165 Colo. 393, 439 P.2d 355, *Fuller v. Brough,* 159 Colo. 147, 411 P.2d 18, *Addressograph-Multigraph Corporation v. Kelley,* 146 Colo. 550, 362 P.2d 184, *Mabray v. Williams,* 132 Colo. 523, 291 P.2d 677, *Ditus v. Beahm,* 123 Colo. 550, 232 P.2d 184, *Whittenberg v. Williams,* 110 Colo. 418, 135 P.2d 228, *Weber v. Nonpareil Baking Co.,* 85 Colo. 232, 274 P.932, *Garf v. Weitzman,* 72 Colo. 136, 209 P.809, *Barrows v. McMurtry Co.,* 54 Colo. 432, 131 P.430, *Freudenthal v. Espey,* 45 Colo. 488, 102 P.280. We deem it significant that in 9 of the 10 cases cited, the court upheld the enforceability of the noncompetitive covenant. This substantial precedent evinces the court's unwillingness to search out legal excuses for a willful and deliberate violation of a reasonable covenant not to compete. We here declare renewed approval of this precedent.

In the case at bar, defendant employee was represented by his attorney when he entered into the employment contract with its covenant not to compete. The covenant contains an express recital that the parties agree that the restrictive covenant is reasonable as to both time and area because of the nature of plaintiff's business. Only about 10 firms in the Denver area, and approximately 15 firms in the entire state of Colorado, specialize in plaintiff's business of soil and foundation engineering. Defendant had been employed as an assistant project engineer by Martin Company in Denver for over 7 years

before contracting to work for plaintiff. There can be no doubt that when defendant chose to leave plaintiff's employ after 7 months, he had secured the advantage of valuable current information concerning the specialized business of, and market for, soil engineering in the geographic area served by plaintiff. Defendant now seeks to profit from his violation.

The quoted covenant not to compete is reasonable and should be enforced as written and agreed to by the parties. Defendant is deliberately doing what he plainly agreed not to do, and the equities are with plaintiff. *Mabray v. Williams, supra, Whittenberg v. Williams, supra.* Plaintiff is therefore clearly entitled to the injunctive relief sought.

The judgment of the trial court is reversed, and the cause is remanded with instructions to enter judgment for plaintiff in conformity with the covenant, namely, enjoining defendant from engaging in the practice of soil and foundation engineering until September 1, 1970 within a 200-mile radius of Denver, Colorado.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.