541 P.2d 126 (1975)
Fred MILLER, d/b/a Fred Miller Accordion Studios, and Fred Miller Accordion Studio, Inc., Plaintiffs-Appellees,
v.
Donald Joe KENDALL, an Individual and Accordion Specialists, Inc., a Colorado Corporation, Defendants-Appellants.
No. 74-587.
Colorado Court of Appeals, Div. III.
July 22, 1975.
Rehearing Denied August 12, 1975.
Certiorari Denied October 27, 1975.
Hemminger & Whittaker, Gary H. Hemminger, Englewood, for plaintiffs-appellees.
Anthony V. Zarlengo, P. C., Denver, for defendants-appellants.
Not Selected for Official Publication.
VanCISE, Judge.
Defendants Joe Kendall (Kendall) and Accordion Specialists, Inc., (Specialists) appeal from a judgment enjoining them until after March 2, 1976, from teaching or soliciting the sale of accordions to students who had been associated with Fred Miller Accordion Studio, Inc., (Miller, Inc.). The injunction was issued to enforce a noncompetition clause in Kendall's employment contract as an instructor with Miller, Inc. We affirm.
On October 29, 1973, Miller, Inc., purchased the assets of North American Accordion *127 Academy (North American). At that time, Kendall, who had previously been employed by North American, entered into an instructor's contract with "Fred Miller Accordion Studio," the name under which Miller did business, in which Kendall covenanted "that he will not teach, or solicit the sale of instruments to any student enrolled with this Studio, either directly or indirectly, individually or on behalf of any other person, studio, or business, during a period of two years after the termination of this agreement." Several days thereafter, Miller, acting for Miller, Inc., and Kendall executed an addendum to that contract in which it was agreed that "all of the terms and conditions of this Agreement shall apply equally to all of the students transferred by North American Accordion Academy to Fred Miller Accordion Studio, Inc."
Effective March 2, 1974, Kendall terminated his employment contract and notified his students by letter that he would no longer be teaching for Miller, Inc., but that as of March 4, he would be starting his own school, Specialists. He organized Specialists, and two other instructors from Miller, Inc., joined him in it. During the next several months, approximately 50 former Miller, Inc., students became students of Specialists.
Thereafter, this action was commenced to enforce the noncompetition clause in Kendall's contract, and to obtain damages for Kendall's breach of that provision. The trial court found that no damages had been proven and so denied the damages claim, but it granted plaintiffs' prayer for an injunction. The only question raised on appeal is the sufficiency of the evidence to sustain the injunction.
The general rule in Colorado is that a covenant not to compete is valid and enforceable by injunction if, under all the facts and circumstances of a particular case, it is reasonable in both duration and scope, see Zeff, Farrington & Associates, Inc. v. Farrington, 168 Colo. 48, 449 P.2d 813; Gibson v. Angros, 30 Colo.App. 95, 491 P.2d 87, and if it is no wider geographically than necessary to afford the required protection. See Knoebel Mercantile Co. v. Siders, 165 Colo. 393, 439 P.2d 355; Whittenberg v. Williams, 110 Colo. 418, 135 P.2d 228. Absent a contrary provision in the contract, a noncompetition agreement may be assigned and enforced by an assignee. See Cantrell v. Lemons, 119 Colo. 107, 200 P.2d 911.
The evidence established that North American had many students at advanced levels of training, and Miller, Inc., acquired North American primarily to obtain its students. It was anticipated that by commingling North American's former students with its own students of comparable abilities in accordion bands appearing under its name, the reputation of Miller, Inc., and thus its ability to attract new students, would be enhanced. The record also indicates that it takes years to become proficient in playing an accordion, and that, therefore, it would take Miller, Inc., several years to replace the students who followed Kendall to Specialists.
The departure of Kendall's advanced students with him, in the event he should terminate his employment, and the consequent damage to the goodwill of Miller, Inc., were the injuries which the noncompetition provision sought to prevent. The covenant is reasonably structured and is of reasonable duration to achieve this end. Where there is a noncompetition agreement, breach is the controlling factor and injunctive relief follows almost as a matter of course. Damage is presumed to be irreparable and the remedy at law is considered inadequate. Thus, the trial court's finding that no damages had been proven does not preclude injunctive relief. See Ditus v. Beahm, 123 Colo. 550, 232 P. 2d 184.
Kendall has done here that which he contracted not to do. The equities lie with *128 the plaintiff, and the injunction running for two years from the date Kendall terminated his employment, the term agreed to in the contract, was properly issued.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.