No. 24389.

Jim Sprague's Aetna Trailer Sales, Inc. *v.*
Stephen J. Hruz.
(474 P.2d 216)

Decided September 14, 1970.

James W. Heyer, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

This writ of error is directed to a judgment of dismissal entered by the District Court of Jefferson County, denying plaintiff in error injunctive relief and damages arising out of the violation of a covenant not to compete contained in an employment contract.

Defendant in error, Stephen J. Hruz, entered into the employ of the plaintiff in error, Jim Sprague's Aetna Trailer Sales, Inc. (hereinafter referred to as "Sprague") as a salesman. The contract of employment was in writing. Hruz expressly agreed that if the agreement was terminated prior to expiration of the full term of employment he would not engage, directly or indirectly, in selling or attempting to sell mobile homes within a radius of seventy-five miles of the City and County of Denver for a period of one year after such termination. The contract further recited as a special consideration for this covenant, which Hruz acknowledged, a sales training program to be provided by the company, his right to participate in the company profit-sharing program, and the special skills he would acquire in the highly competitive business by reason of his knowledge gained from his employment.

Hruz worked in Sprague's employ for approximately four months when he became involved in a disagreement with a fellow employee; he thereafter became dissatisfied, and quit. Although the employment contract provided for thirty days notice, he failed to give any notice whatsoever. He had, prior to terminating his employment with Sprague, already contracted to go to work for a competitor of Sprague's in the trailer sales business.

After the termination, Sprague attempted to dissuade Hruz from working with his competitor and to induce him to return to Sprague. These efforts failed and suit was commenced.

The evidence was undisputed that Hruz read and discussed the employment contract before he signed it, including the covenant not to compete; that he understood its meaning; that he was advised that his employment was contingent upon his agreeing to its terms; and that he would not otherwise be employed. All of Sprague's salesmen were required to enter into similar contracts as a condition of employment. Hruz testified he signed the contract in good faith, intending to comply with its terms. The evidence showed Hruz to have been recently discharged after twenty-two years service in the United States Marines, and to have lived in the Denver area for approximately one year when he applied to Sprague for employment. His prior experience as a salesman had been extremely limited and he had never been engaged in the business of selling trailer houses. The evidence further showed that Sprague provided a sales training program in which Hruz participated. Instructions were given him in the various phases of the trailer business, including sales techniques, trailer financing, insurance, closing methods and general information concerning the trailer industry. Additionally, his learning program required daily conferences with a sales supervisor concerning the problems encountered in his work with Sprague. The evidence showed that with the knowledge of the trailer business which Hruz admittedly acquired from his training at Sprague's he was able immediately to successfully negotiate sales for his new employer in competition with Sprague. During the first two months of his employment, he sold "seven or eight" trailers. And on one occasion he dealt with a former customer with whom he had dealt while working for Sprague, and who sought him out at his place of new employment.

Hruz asserted six affirmative defenses to enforcement

of Sprague's claims, consisting of want of irreparable injury; lack of mutuality; that the claims were for a penalty rather than damages; that enforcement of the noncompetition clause was not necessary for protection of Sprague's business; that there was a failure of consideration; and that the contract provisions were against public policy, constituting an unreasonable restriction, restraint of trade and personal liberty.

At the conclusion of the trial, the court dismissed the complaint and denied all relief. It is not entirely clear upon what basis the court dismissed the case, except that it felt such contracts were "disfavored in law" and that this case was controlled by *Knoebel Mercantile Company v. Siders,* 165 Colo. 393, 439 P.2d 355. We find substantial factual differences in the two cases and do not agree with the trial court's conclusion. As stated in *Zeff, Farrington & Associates, Inc. v. W. D. Farrington,* 168 Colo. 48, 449 P.2d 813, the rule is well-established in Colorado that reasonable covenants not to compete will be enforced and what is reasonable depends upon the facts of each case.

In the present case the restriction imposed related only to a term of one year and an area within a radius of seventy-five miles of the City of Denver. Clearly, nothing in these terms is unreasonable in view of decisions of this Court sustaining covenants not to compete for terms up to five years and within distances of one hundred miles. In *Knoebel, supra,* the term of the covenant ran for two years and the area embraced seven states.

The burden of proof is upon him who seeks to have a covenant declared unreasonable to establish the same, either in length of term or area, or for any other reason. No other reasons were established by Hruz, which in our view, as a matter of law, required the court to declare the covenant in this case to be unreasonable and therefore unenforceable.

The language of *Whittenberg v. Williams,* 110 Colo.

418, 135 P.2d 228, appears particularly appropriate to Hruz' position in this case:

"It thus appears that defendant entered into an apparently valid contract, then intentionally, openly, and publicly violated it, and at the same time sought to make a profit out of that violation. Equity and good conscience can speak no word in his behalf. * * *"

The other affirmative defenses asserted by Hruz find no evidentiary support in the record and completely fail to bar the relief claimed.

However, we agree with the trial court that there was a failure to prove damages by competent evidence, and Sprague's claim therefor was properly denied.

The judgment denying Sprague's claim for damages is affirmed. The judgment denying injunctive relief is reversed, and the cause is remanded with instructions to enter an injunction in favor of plaintiff in conformity with the covenant.