518 P.2d 298 (1974)
B. Stanley TAFF, doing business as Arvada Adjustment & Appraisal Service, Plaintiff-Appellant,
v.
J. H. BRAYMAN, Defendant-Appellee.
No. 73-188.
Colorado Court of Appeals, Div. I.
January 8, 1974.
Wood, Ris & Hames, P.C., Eugene S. Hames, Denver, for plaintiff-appellant.
Gavend, Sullivan & Bryans, David M. Bryans, Denver, for defendant-appellee.
Not Selected for Official Publication.
*299 RULAND, Judge.
The sole issue involved in this appeal is the validity of that portion of the trial court's injunctive order enforcing an agreement not to compete. We modify the injunction and as modified affirm.
Plaintiff-appellant (Arvada Adjustment) employed defendant-appellee Brayman as a manager and adjustor for a term of one year pursuant to written contract which provided, inter alia:
"If this contract between Brayman and Arvada is terminated for any reason, Brayman agrees that he will not engage in the adjustment and appraisal services in an area of sixty-five (65) mile radius of Denver for a period of two (2) years after such termination without the specific written consent of Arvada, and Brayman further agrees that he will not contact any of the customers of Arvada during this two (2) year period, even if he obtains employment outside of the sixty-five (65) mile radius set out herein." (emphasis supplied).
Prior to the completion of one year's employment under the written contract, Brayman terminated his employment and thereafter initiated his own business located in his home approximately three miles from the business address of Arvada Adjustment. Brayman provided services from this location for some of the same customers serviced by Arvada Adjustment. Arvada Adjustment then initiated the present case seeking an injunction.
Trial was to the court, which found that the contract was unambiguous and understood by both parties, that defendant signed the contract willingly, and that he was, therefore, bound by its terms. However, the trial court concluded that since the employment contract was only for one year's duration, the agreement not to compete could not be longer than one year, and the trial court enjoined defendant from operating any office or business within the sixty-five mile limit for one year, i.e., until June 4, 1973.
The appellate courts in Colorado have held in numerous cases that a covenant not to compete which is reasonable both in duration and in geographic scope may be enforced by injunction. See Zeff, Farrington & Associates, Inc. v. Farrington, 168 Colo. 48, 449 P.2d 813 (and cases cited therein). Brayman has the burden of showing that the covenant not to compete is unreasonable, Sprague's Aetna Trailer Sales, Inc. v. Hruz, 172 Colo. 469, 474 P.2d 216, and the trial court may not search for legal excuses to justify a willful and deliberate violation of a reasonable covenant. Zeff v. Farrington, supra.
The determination of the reasonableness of the non-competition provision must be based upon all the facts and circumstances of each case, see Knoebel Mercantile Co. v. Siders, 165 Colo. 393, 439 P.2d 355; Gibson v. Angros, 30 Colo.App. 95, 491 P.2d 87, and not solely on the duration of the employment contract. The record discloses that Brayman failed to sustain the burden of showing that the covenant not to compete was unreasonable. As found by the trial court, the parties are bound by the contract. Therefore, the contract should be enforced as written. See Sprague's Aetna Trailer Sales, Inc. v. Hruz, supra.
The judgment of the trial court is modified to extend the injunction to June 4, 1974, as to adjustment and appraisal services within the sixty-five mile limit, and, as so modified, the judgment is affirmed.
Judgment modified and as modified affirmed.
SILVERSTEIN, C.J., and SMITH, J., concur.