## No. 27039

**Lawrence R. Aubert and August Aubert, d/b/a Aubert Bros., R.L.C. Investments, Inc., a Delaware corporation and John W. Westcott v. Town of Fruita**

(559 P.2d 232)

Decided January 31, 1977.

Williams, Turner & Holmes, Anthony W. Williams, for plaintiffs-appellees.

Graham and Dufford, D. J. Dufford, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

To utilize its right to store water for domestic use, the Town of Fruita (appellant) built an on-channel reservoir and dam in 1935 and enlarged it in 1959, 1962 and 1967. The enlarged dam blocks the entire flow on the west fork of East Creek and it is conceded by appellant that there is no facility constructed in the dam to permit the downstream passage of water.

The appellees hold direct flow rights downstream on East Creek which are senior to Fruita's rights. They sought and obtained an injunction in the trial court ordering Fruita to cease violating their senior rights.

The trial court rejected appellant's affirmative defenses of estoppel, laches, and waiver. In this respect, the trial court found that on a number of occasions since 1959, protests and discussions were had between the appellees or their predecessors and officials of the appellant regarding the fact that the enlarged reservoir and dam "in fact interfered with the" appellees' direct flow decrees. We affirm the judgment of the trial court.

On appeal, the appellant's sole argument for reversal is that the trial court erred in refusing to apply the doctrines of estoppel, laches and waiver in its favor. Appellant concedes the accuracy of the detailed findings of the trial court as to the actual notice given to appellant and the knowledge had by the appellant with respect to its interference with the appellees' water rights by the dam enlargements beginning in 1959. Nevertheless, appellant asserts that because appellees did not take any positive action to protect their interests until the present suit was commenced, they are now estopped to assert their senior rights; and also, that by not commencing a court action sooner, the appellees are guilty of laches and have now waived any right to claim injunctive relief against the appellant. We ascribe no validity whatsoever to these contentions of the appellant. Only a brief discussion of estoppel in the context of a water case is required here.

The trial court in rejecting estoppel as a bar to the assertion of the appellees' senior water rights concluded that "without an element of deceit the consistent notice and complaints made to the defendant" (the appellant) were sufficient to prevent invoking estoppel as an effective defense. The appellant argues that the trial court was wrong in requiring an element of deceit or turpitude as a condition precedent to the application of estoppel. We disagree with this argument.

In Colorado, the leading estoppel case in the area of water law is *Lower Latham Ditch Company v. The Louden Irrigating Canal Company*, 27 Colo. 267, 60 P. 629 (1900). In that case, the owners of junior priorities sought to estop a senior right holder from enforcing his rights because he had permitted the junior holders to interfere with his senior rights for many years. On those facts, which are remarkably similar to the facts here, this court held:

"We will not attempt to mention all the elements of estoppel as sought to be established in this case, it being sufficient for the purposes of this action to state that before the conduct of one party will create an estoppel in favor of another with respect to the title of the subject-matter of dispute between them, it must appear that the party against whom such estoppel is sought to be established was apprised of the true state of his own title; that by such conduct he intended to deceive or thereby was guilty of such negligence as to amount to a fraud; that the other was not only destitute of all knowledge regarding the true state of his title, but of the means of acquiring such knowledge. There must be some degree of turpitude in the conduct of the party before a Court of equity will estop him from the assertion of his title, when the effect of the estoppel is to forfeit his property, and transfer its enjoyment to another. . . ."

The above principles of estoppel in the context of a water law case have been approved and adopted in the following more recent decisions of this court. *Farmers Co. v. Fulton Co.*, 108 Colo. 482, 120 P.2d 196 (1941), and *Upper Harmony Ditch v. Stunkard*, 177 Colo. 6, 492 P.2d 631 (1971). In none of the foregoing cases were there sufficient facts to support an estoppel even though the facts of those cases on the issue of estoppel were stronger than the facts of the instant case.

Moreover, in *Jacobs v. Perry*, 135 Colo. 550, 313 P.2d 1008 (1957), this court in discussing the doctrine of estoppel delineated its necessary elements as follows:

"'The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party

claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially. . . .""

Looking at all the evidence in the light of the desription of estoppel as above quoted, there was a marked deficiency in establishing all the elements of estoppel. The trial judge properly rejected this defense.

Judgment affirmed.

MR. JUSTICE CARRIGAN concurs in the result only.