**FIRST HYLAND GREENS ASSOCIATION, a Non–Profit Colorado Corporation, Plaintiff–Appellee,**

v.

**Lawrence GRIFFITH and Sharyn Griffith, Defendants–Appellants.**

**No. 80CA0308.**

Colorado Court of Appeals, Div. I.

Oct. 9, 1980.

Zook & Woolf, David R. Endres, Boulder, for plaintiff–appellee.

Sonheim & Helm, Darrel L. Matteson, Arvada, for defendants–appellants.

RULAND, Judge.

In an action by plaintiff, First Hyland Greens Association, through its architectural control committee to restrain the defendants, Lawrence and Sharyn Griffith, from erecting a structure adjacent to their swimming pool, the defendants appeal from the judgment of the trial court denying their motion for summary judgment and granting the plaintiff's counter–motion for summary judgment. We affirm in part and remand the case for further proceedings.

The parties stipulated to the relevant facts. The defendants are the owners of a lot in a residential subdivision called First Hyland Greens. Each of the lots is burdened by a set of duly recorded restrictive covenants, the benefits of which inure to all the other lot owners in the subdivision. One of the covenants prohibits the construction of more than one residential structure on a lot. The validity of this covenant has been conceded by the defendants. In addition, the covenants provide that all construction must be approved by an architectural control committee of the plaintiff in order to ensure consistency of architectural style and to preserve the residential nature of the neighborhood.

On December 17, 1978, the defendants submitted plans to the architectural control committee for a swimming pool, a fence, and a pool house which they wanted to construct in their backyard. The drawings indicated the pool house was to be used both as a dressing room and as a shelter for pumps and other pool equipment. On December 19, the committee approved the plans for the pool and the fence, but advised the defendants that more complete plans would have to be presented for the pool house. The defendants proceeded with construction of the pool, locating it in the back of the yard, approximately 30 yards from the house.

On April 17, after the pool was completed, the defendants submitted new plans for the pool house which indicated that the finished building would be approximately 16 feet long by 14 feet wide by 11 feet high. These plans were disapproved on April 19 for two reasons: first, the committee concluded that the pool house was a residential structure and therefore prohibited by the covenants; and second, it determined that

the size of the proposed pool house was such that it would be visible to people present in the common area of the subdivision. The defendants were notified in writing of this disapproval. Nevertheless, the defendants began building the pool house and continued doing so until enjoined by the trial court.

The defendants' sole contention on appeal is that the trial court erred in concluding that the committee was not estopped to enforce the covenants. The court's ruling was based upon its determination that the defendants' reliance on the initial letter approving the pool and fence could not be reasonably construed as authorizing the pool house. The defendants argue that in approving the plans for the pool and the fence and requesting submission of new plans for the pool house, the committee led them to believe that some kind of pool house would be permissible. Thus, the defendants argue, the committee cannot now take the position that "no construction whatsoever, other than one . . . single family residence" can be erected on their property. The defendants allege in the way of reliance that had they known that they would not be allowed to build the pool house, they would not have located their pool so far from the house. We agree with the defendants in part.

■ Preliminarily, we note that the doctrine of equitable estoppel may be applied to preclude enforcement by the Committee of a restrictive covenant which runs for the benefit of all lot owners in the subdivision. *See Western Motor Rebuilders, Inc. v. Carlson*, 138 Colo. 404, 335 P.2d 272 (1959). Application of the doctrine requires that the property owner reasonably rely on the actions or representations of the architectural control committee.

■ We agree with the trial court that, here, the defendants may not reasonably rely on the committee's letter of December 19 as authorizing erection of the pool house which they attempted to construct. Neither that letter nor any of the minutes of the committee meetings reflect permission to build a structure which exceeds the height of the authorized fence. However, material issues of fact exist as to whether the letter may be construed as authorizing a pool house of some type containing a dressing room, and whether the defendants reasonably relied upon the letter to that extent. *See* C.R.C.P. 56(c); *see also Mabray v. Williams*, 132 Colo. 523, 291 P.2d 677 (1955).

■ In support of the trial court's judgment, the committee argues that the stipulated facts fail to reflect any intent by it to mislead the defendants and that, therefore, the doctrine of estoppel does not apply. This contention lacks merit.

An actual intent to mislead or defraud is not essential to the creation of an estoppel. *Piz v. Housing Authority*, 132 Colo. 457, 289 P.2d 905 (1955); *First National Bank v. Ulibarri*, 38 Colo.App. 428, 557 P.2d 1221 (1976). The cases cited by plaintiff in support of its contention that such an intent is necessary are inapposite in that they deal with situations where title to real property is transferred as a result of an estoppel. *See Aubert v. Town of Fruita*, 192 Colo. 372, 559 P.2d 232 (1977); *Jacobs v. Perry*, 135 Colo. 550, 313 P.2d 1008 (1957).

That part of the judgment of the trial court enjoining construction of defendants' pool house as presently designed is affirmed. Insofar as the judgment affirms the committee's determination that no structure may be erected at the swimming pool, it is reversed, and the cause is remanded with directions for further proceedings consistent with this opinion.

COYTE and PIERCE, JJ., concur.