**Edward E. PAGEL and Carmen D. Pagel, Plaintiffs-Appellants,**

**Bill Hamlin, Mr. and Mrs. Calvin Wilson, Mr. and Mrs. Lester Ray Null, Ruby Coleman, Mr. and Mrs. Larry Blackberg, James R. Powers, Elias Solis, Mr. and Mrs. Danny J. Gentry, Mr. and Mrs. Roger Goff, Mr. and Mrs. Robert Schrader and Mr. and Mrs. Leo A. Sell, Plaintiffs,**

v.

**D. L. REYMAN, Hope C. Reyman, Victor Korby and Vivian Korby, Defendants-Appellees.**

No. 79CA0445.

Colorado Court of Appeals, Div. II.

April 2, 1981.

George Reddin, Fort Morgan, for plaintiffs-appellants.

Peter Alpert, Fort Morgan, for defendants-appellees.

SMITH, Judge.

Edward and Carmen Pagel, plaintiffs, appeal the trial court's order denying them an interest in an easement. We affirm.

Plaintiffs are owners of a mobile home park. Defendants are the owners of lands which border the trailer park on its northern boundary. An access road, running east and west, lies just north of the trailer park on land owned by defendants. Historically, this access road has been used by both defendants and plaintiffs. This action arose as a result of defendants' attempt to erect a fence just south of the road, the effect of which would be to prevent plaintiffs and their trailer park residents from using the road for access to the trailer park.

Plaintiffs filed a complaint and motion for a temporary restraining order seeking to restrain defendants from constructing the fence. The temporary restraining order was granted by the trial court. At the hearing for a permanent injunction, plaintiffs contended that defendants could not prohibit them from using the road for three reasons: (1) The doctrine of equitable estoppel prevented defendants from denying passage, (2) plaintiffs had obtained a prescriptive easement, and (3) it would be inequitable to permit construction of the fence.

## I. Equitable Estoppel

Plaintiffs first contend that the trial court erred in refusing to apply the doctrine of estoppel in their favor. We disagree.

Plaintiffs presented evidence at trial that R. M. Joppa, defendants' predecessor in title, had assisted Edward Pagel in laying out his trailer park; that the design mandated that the trailer park residents have access

to the right-of-way, and that Joppa either knew or should have comprehended the ramifications of the design. From this factual basis, Pagel argues that Joppa's failure to object to the design estops him and his successors in title from prohibiting plaintiffs and their tenants from using the right-of-way.

At trial, Joppa testified that although he assisted Pagel in marking the boundary lines and in laying out water and sewer lines, he took no part in designing the layout, nor did he understand at the time that the design required that the right-of-way be used as an access road.

In the case of *Aubert v. Town of Fruita,* 192 Colo. 372, 559 P.2d 232 (1972), our Supreme Court discussed the doctrine of estoppel delineating its necessary elements as follows:

" 'The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially . . . . ' "

Here, the trial court specifically found that although Joppa gave neighborly assistance to Pagel in surveying property lines, Joppa took no part in the planning or design of the trailer park, nor did he have knowledge that the ultimate design would necessitate the incorporation of the pre-existing right-of-way. Based upon these facts, the court concluded that plaintiffs failed to establish their claim for easement by estoppel.

We have examined the evidence in light of the requirements set forth in *Aubert v. Town of Fruita, supra,* and we conclude, as did the trial court, that it is insufficient to establish all of the essential elements of estoppel. There is, however, sufficient evidence in the record to support the trial court's findings regarding plaintiffs' claim based upon estoppel, and such findings will not be disturbed on review. *Dennett v. Mt. Harvard Development Co.,* Colo.App., 604 P.2d 699 (1979).

## II.

Plaintiffs next contend that the trial court erred in failing to find that plaintiffs had acquired an easement by prescription with respect to the right-of-way. We disagree.

On May 30, 1975, Edward Pagel and R. M. Joppa entered into an agreement wherein Pagel was permitted to move mobile homes in or out of the trailer park over the subject right-of-way under specified conditions. This agreement represents an acknowledgement by Pagel that Joppa had the right to deny him use of the right-of-way.

Only slightly more than three years later, on July 27, 1978, plaintiffs initiated this lawsuit and sought to obtain an easement by prescription. The question that arises is whether plaintiffs can acquire an easement by prescription if during the period of their alleged open, notorious, and adverse use, they have executed an agreement acknowledging exclusive title and right of use in another.

The general rule is that where an occupant of land acknowledges or recognizes the title of the owner during the period of his claimed adverse possession, he fatally interrupts the continuity of his adverse possession. In that event, the statute of limitations does not begin to run in his favor until he repudiates the owner's title. *Segelke v. Atkins,* 144 Colo. 558, 357 P.2d 636 (1960). It is our view that this rule is dispositive in this case.

Plaintiffs' agreement with defendants' predecessor in title for the conditional use

of the right-of-way, operated to extinguish any claim they might have had under an adverse possession theory. While plaintiffs may have been in the process of establishing a legal interest in the right-of-way by virtue of adverse possession prior to May 30, 1975, they relinquished their claim of open, notorious, and adverse use by the execution of the agreement set forth above.

The trial court specifically found that the roadway had only been used by Pagel since 1969, and that Pagel had failed to establish the requisite proof to allow him to benefit from any prior adverse possession by his predecessor in interest. These findings of fact are supported by the record, and we are bound by such findings. *Dennett v. Mt. Harvard Development Co., supra.*

The trial court's conclusion that the plaintiffs failed to acquire an easement or right-of-way over defendant's land by prescription or adverse possession is correct.

We have considered plaintiffs' other contentions of error, including their argument that to affirm the order of the trial court would be to endorse an unjust result, and we find that such arguments are without merit.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.