**Harold D. COLLINS, Eleanor Collins, Donald Throndson, and Mary Throndson, Plaintiffs-Appellants,**

v.

**Victor E. KETTER; Lillian E. Clark; Tony E. Jones; Mary Ann Neal; Walter H. Hogsett; G. Russell Lyons; Mae A. Lyons; Harold A. Daily; V. Ruth Daily; Stanley R. Vanderwerf; Phyllis Vanderwerf; Kenneth J. Smith; Marlene M. Smith; Thomas G. Estes; Jean Estes; Edward H. Kapelle; Anna M. Kapelle; the Heathermeade Homeowner's Assoc.; Edgar R. Westerberg; Pearl G. Westerberg; Mildred Townley Brown; Forrest Townley, and All Unknown Persons Who Claim Any Interest In the Subject Matter of This Action, Defendants-Appellees.**

No. 83CA0943.

Colorado Court of Appeals, Div. II.

April 3, 1986.

John A. Studholme, Boulder, for plaintiffs-appellants.

French and Stone, P.C., Joseph C. French, David M. Haynes, Boulder, for defendants-appellees.

SMITH, Judge.

Plaintiffs appeal the partial summary judgment entered in favor of defendants in which the trial court found as a matter of law that plaintiffs did not have an easement by way of necessity over defendants' road. They further appeal the court's judgment for defendants, entered after trial on the remaining issues, based on findings that the road is not a public one and that defendants have not been estopped by their actions to deny plaintiffs use of the road. We affirm.

Plaintiffs are owners of land adjacent to a subdivision known as the Heathermeade Third Addition. Defendants Mildred Townley Brown, Clare Townley, and Inez Murchison own a bridge and road which runs from County Road 103 through the subdivision to plaintiffs' property. The remaining defendants own or have owned property adjacent to that road.

The original owner of the land in question was Jones Townley (Townley) who conveyed a portion of the land to Edith Pickard on August 12, 1927. The Pickard parcel was undeveloped and completely surrounded by property belonging either to the grantor or to strangers. At the time, access to the Pickard tract and to the remaining land owned by Townley was the same; by footbridge over a stream which separated the land from County Road 103 or by crossing the stream itself.

Townley also originally owned the Heathermeade Third Addition which borders the Pickard tract on the southwest. The original, unrecorded plat of this subdivision, dated August 5, 1927, was divided into twenty-four lots. In 1932, a second plat of the subdivision was prepared and was recorded showing only twenty lots. The other four lots were deleted from the 1931 plat because at least a portion thereof was included within the boundaries of the property conveyed to Pickard in 1927. Also, in 1932 Townley graded a road through the platted portion of his land and constructed a bridge across the stream near the end of his property which was farthest from Pickard's parcel. This road and bridge connected his property to County Road 103. In the recorded plat, which showed this road, he dedicated "to the public, the perpetual use of the streets, roadways and alleys that may appear herein."

There has never been an express acceptance of the dedication by the Boulder County Commissioners, nor has Boulder County maintained or repaired the road. The use of the road has been limited to the occupants of the Heathermeade Third Addition, the owners of property adjacent to the roadway, and their invitees and guests. Title to the auto bridge and road remained in Townley and has now vested in his heirs Mildred Townley Brown, Clare Townley, and Inez Murchison.

In 1971, plaintiffs obtained title to the tract originally owned by Edith Pickard. They subsequently built a residence and constructed a well and septic system. At the time they acquired the property there was a gate in place across the bridge to which plaintiffs were given a key. They were able to use the road and bridge freely until the time this dispute arose in 1979

when defendants refused to allow them further access.

## I.

Plaintiffs first contend that the trial court erred in finding that, as a matter of law, plaintiffs did not have an easement, by way of necessity, over the Heathermeade Road. We disagree.

Generally, implied easements are not looked upon with favor by the courts. *Wagner v. Fairlamb*, 151 Colo. 481, 379 P.2d 165 (1963). However, sound public policy dictates that land should not be rendered unfit for occupancy. There is a presumption, therefore, that whenever a party conveys property he conveys whatever is necessary for the beneficial use of that property. *Martino v. Fleenor*, 148 Colo. 136, 365 P.2d 247 (1961).

A way of necessity arises when the land conveyed is entirely surrounded by the land of the grantor or by the land of the grantor and that of strangers. In such a case, a way of ingress and egress is implied over that portion of the land retained by the grantor.

Three requirements must be met before an easement by way of necessity will be implied: the original ownership of the entire tract must have been held by a single grantor prior to a division thereof; the necessity must have existed at the time of the severance; and the necessity for the particular right-of-way must be great. *Wagner, supra; Deitesfeld v. Theobald*, 494 P.2d 1311 (Colo.App.1972) (not selected for official publication).

The trial court, on the basis of undisputed facts, granted summary judgment on the claim of a way of necessity along defendants' road and across their bridge, concluding, as a matter of law, that no necessity for that particular way of necessity existed at the time of the conveyance in 1927. We agree.

Townley conveyed only a part of his land to Pickard. At the time of the conveyance both Jones and Pickard had equal access to the county road which was separated from each of their properties only by the stream which ran along their property boundaries. The fact that five years later Townley improved the access to his property by constructing a road across the platted length of his property and building a bridge across the stream at the end of his property farthest from Pickards' parcel is of no significance. Neither is the fact that it may be more convenient for Pickards' successors to traverse the length of Townley's road and cross his bridge, than to construct a bridge of their own directly across the stream and onto the road.

At the time of the conveyance, adequate access was afforded to Edith Pickard; therefore, no necessity existed and plaintiffs cannot meet the second prong of the test set out in *Wagner, supra.* Therefore, because no genuine issue of material fact existed as to Pickard's need, at the time she acquired the property, for the particular way of necessity she now seeks, defendants were entitled to a partial summary judgment on this claim as a matter of law. *Wasalco, Inc. v. El Paso County*, 689 P.2d 730 (Colo.App.1984).

## II.

Plaintiffs next contend that the trial court erred in ruling that the Heathermeade Road is not a public road.

The recording of a plat dedicating public roads is merely an offer to dedicate which must be accepted either by the general public, or by public authorities, within a reasonable time. Under some circumstances the offer may be withdrawn, but, in any event, if it is not accepted within a reasonable time it is lost. Until there has been an acceptance, the public acquires no interest in the street and assumes no duties with respect thereto. *Litvak v. Sunderland*, 143 Colo. 347, 353 P.2d 381 (1960).

The testimony and evidence taken at trial support the court's finding that there was no acceptance of the offer of dedication either by the general public or public authorities within a reasonable time. The Boulder County Commissioners have

never accepted the dedication, nor has the county ever maintained or repaired the road. Use of the road has always been limited to the occupants of the Heathermeade Third Addition, other owners of the property adjacent to the roadway, and their invitees and guests. A gate was placed across the road which was locked at intervals. Keys to the lock on the gate were provided to those persons granted permission to travel over the bridge and road. Further, plaintiffs have paid a yearly assessment to a private group, the Heathermeade Third Addition Homeowners Association, for maintenance and repairs on the road.

In a trial to the court, the sufficiency, probative effect, and weight of the evidence, and the inferences and conclusions to be drawn therefrom, will not be disturbed on appeal unless they are so clearly erroneous as to find no support in the record. *Carlson v. Garrison*, 689 P.2d 735 (Colo.App.1984). We find ample support in the record for the court's findings which support its legal conclusion that the road has never become a public one.

### III.

■ Plaintiffs' final argument is that the trial court erred in holding that they did not acquire an easement by estoppel. We disagree.

The requirements for the creation of an easement by estoppel were addressed in the case of *Pagel v. Reyman*, 628 P.2d 166 (Colo.App.1981). There, we quoted from *Aubert v. Town of Fruita*, 192 Colo. 372, 559 P.2d 232 (1977) as follows:

" 'The essential elements of an equitable estoppel as related to the party estopped are:

1. Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those that the parties subsequently attempts to assert;

2. Intention, or at least expectation, that such conduct shall be acted upon by the other party;

3. Knowledge, actual or constructive, of the real facts.

As related to the other party claiming the estoppel they are:

1. Lack of knowledge and of the means of knowledge of the truth as to the facts in question.

2. Reliance upon the conduct of the party estopped; and

3. Action based thereon of such a character as to change his position prejudicially.' "

Here, the trial court found that there was no evidence presented which would establish, by conduct or otherwise, that Townley or his successors, the defendants, falsely represented or concealed any material facts relating to the road or bridge or to the rights to the use thereof. The record supports these findings, and thus, those findings will not be disturbed on review. *Dennett v. Mt. Harvard Development Co.*, 43 Colo.App. 422, 604 P.2d 699 (1979). Hence, plaintiffs' claim in this regard was properly denied after trial.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.