Gary L. SMITH, and Gary L. Smith, D.D.S., P.C., Plaintiffs-Appellees,

v.

R. Kent SELLERS, D.M.D., Defendant-Appellant.

No. 85CA0148.

Colorado Court of Appeals, Div. III.

Aug. 27, 1987.

Rehearing Denied Sept. 24, 1987.

Certiorari Denied Dec. 21, 1987.

Massey, Graham & Showalter, P.C., Dennis A. Graham, Denver, for plaintiffs-appellees.

Michael S. Kreiger, Englewood, for defendant-appellant.

TURSI, Judge.

The defendant, R. Kent Sellers, D.M.D., appeals the judgment of the trial court in favor of plaintiffs, Gary L. Smith and Gary L. Smith, D.D.S., P.C. (Smith). He asserts the trial court erred in granting partial summary judgment on the issue of liability because there was a genuine issue of material fact regarding whether the covenant not to compete was void pursuant to § 8–2–113, C.R.S. (1986 Repl. Vol. 3B). We agree and therefore reverse.

The defendant contracted with Smith to associate in the practice of dentistry under the name of Aurora Family Dental Center (Center). Upon satisfactory performance of the contract, the defendant was to have the option to purchase a share of Smith's business. The contract contained a covenant not to compete in which the defendant agreed not to practice dentistry within a five mile radius of the Center for the term of the agreement or twelve months following the termination of the agreement.

The agreement was terminated December 13, 1981. Shortly thereafter, the defendant commenced practicing dentistry within a five mile radius of the Center.

Smith brought this action alleging, *inter alia*, that the defendant had breached the non-competition clause of the contract and seeking damages. Smith moved for partial summary judgment on the issue of liability of defendant for the breach. The defendant opposed the summary judgment arguing that the covenant not to compete was void by operation of § 8–2–113.

The trial court granted Smith partial summary judgment ruling the defendant was a professional independent contractor employed as a member of the professional staff of Gary L. Smith, D.D.S., P.C. Therefore, it concluded an exception within § 8–2–113 applied, and the covenant not to compete was valid.

The trial court held a hearing and determined the amount of damages for the breach. It dismissed Smith's remaining claims and entered final judgment.

The defendant argues the trial court erred in its interpretation of the contract, which was the only document before it. He maintains the language of the contract established that he was an independent contractor who had no connection with Smith's business per se; therefore, pursuant to § 8–2–113 the covenant not to compete was void. We agree.

Section 8–2–113(2), C.R.S. (1986 Repl. Vol. 3B) provides:

"Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void, but this subsection (2) shall not apply to:

. . . .

(d) Executive and management personnel and officers and employees who constitute professional staff to executive and management personnel."

The contract provided that the "parties intend that an independent contractor-employer relationship will be created by this contract. Sellers is not to be considered an agent or employee of Smith for any purpose. . . ." It also stated that the defendant would provide himself and his employees with insurance (malpractice, workmen's compensation, tenant's liability and unemployment); that he would provide his employees with benefits; that he would file and pay all local, state, and federal taxes; and that he would indemnify Smith for any damage or injury claims resulting from any performance of services by him. Defendant was to pay all of his own lab and administrative expenses.

The contract further provided that defendant would have use of the facilities after 5:00 p.m. on weekdays and on Saturdays and Sundays, and on days during the week when they were not being used by Smith. In consideration for Smith providing facilities, equipment, and dental supplies, defendant agreed to pay Smith fifty percent of the fair market value of all services he rendered at the Aurora Family Dental Center. The defendant was to provide his own billing system and pay for his own accounting and bookkeeping.

Interpretation of an unambiguous written contract is a matter of law, and this court is not bound by the trial court's findings and conclusions. *Ide v. Joe Miller & Co.*, 703 P.2d 590 (Colo.App.1984). We conclude that under the terms of the contract, the defendant was an independent contractor, and thus, not an employee who constituted professional staff to Smith pursuant to § 8–2–113(2)(d).

The unambiguous language of the contract states that the defendant was to be an independent contractor and not an employee for any purpose. Furthermore, the contract terms indicate the defendant was not to be a member of Smith's staff.

"Staff" is defined as "the personnel responsible for the functioning of an institution or the establishment or the carrying out of an assigned task under an overall director or head." *Webster's Third New International Dictionary* 2219. Here, the contract provided that the defendant would operate completely independent of Smith, except that he used Smith's facilities when Smith was not using them, and paid Smith half of the value of the services he provided. Since, under the contract, defendant was not an employee who constituted professional staff, within the terms of § 8–2–113(2)(d), the trial court erred by entering summary judgment for Smith.

Smith cites *Boulder Medical Center v. Moore*, 651 P.2d 464 (Colo.App.1982), arguing it upholds covenants not to compete agreed to by professionals. That factual situation does have some similarity to the one here in that § 8–2–113(3), C.R.S. (1986 Repl. Vol. 3B) is not retroactively applicable to this case; however, in *Boulder Medical Center*, it was uncontested that Moore was an employee, and there was no indication he functioned in the independent manner required of the defendant in this case. Hence, that case is inapposite here.

The judgment is reversed and the cause is remanded to the trial court with directions to enter judgment for the defendant.

KELLY and BABCOCK, JJ., concur.